## BUSSY *v.* DONALDSON.

### *Collision.—Pilots.—Damages.*

The fact that a ship is in charge of a licensed pilot, does not relieve her owners from liability for a collision, occasioned by negligence.[1]

In an action for a *tort*, the plaintiff is entitled to recover damages, commensurate with the injury, and equivalent to a full indemnity. SMITH, J., dissenting.

THIS was an action on the case, against the owner of the ship Edward, for running foul of and sinking the brig Katy, at the piers in the river Delaware, by negligence, and improvident and unskilful management, &c. The defence was made on three grounds : 1st. That the injury was occasioned by unavoidable accident, for which no reparation ought to be exacted. 2d. That as the ship Edward was in the charge of a public pilot of the port (a person not the choice, nor the voluntary agent, of the owner), when the injury was committed, the owner was not legally responsible. And on this point, the following authorities were cited : 3 Bac. Abr. 591–2 ; 7 Geo. II., c. 15 ; 3 Dall. Laws, 422, § 8, 10, 15 ; Wesk. 395 ; Beawes, 122 ; 1 Emerig. 402–3 ; 1 Bl. Com. 431–2 ; 1 Dom. 241, tit. 16, § 3 ; Salk. 442, 440 ; 3 Bac. Abr. 560. 3d. That the amount of the injury actually sustained, is not the measure of damages, in the present action. *Purviance* v. *Angus*, 1 Dall. 180.

After argument, by *W. Tilghman, M. Levy* and *Rawle*, for the plaintiff, and by *Ingersoll, E. Tilghman* and *Lewis*, for the *defendant, the judges delivered their opinions to the jury, in substance, as follows :

SHIPPEN, Chief Justice.—The first object that naturally presents itself, is to ascertain, whether the injury complained of was the consequence of gross negligence, or of mere accident ? This falls, exclusively, within the province of the jury ; but if they shall think, that the injury was the consequence of gross negligence, then the plaintiff is entitled to recover damages; unless some rule of law interposes to prevent it, under the peculiar circumstances of the present case.

In considering the point of law, we are led into a field of inquiry equally interesting for its novelty and its importance ; for although the defendant admits, that in ordinary cases, the owner of a ship is answerable, *civiliter*, for the injuries committed in the course of his service, by the master and crew ; it is insisted, that a pilot, under the regulations of our act of assembly, for his examination and appointment, is not to be regarded as the agent or servant of the owner, but rather as the officer of the public.

Though it is not agreeable to deliver opinions on important points of law, suddenly started in the course of a trial, I think, I can safely pronounce,

---

[1] The China, 7 Wall. 53 ; The Merrimac, 14 Id. 202; Sherlock *v.* Alling, 93 U. S. 100; The English law is otherwise. Smith *v.* Con- dry, 1 How. 28 ; **The China**, *ut supra*, and cases there cited.

on the present occasion, that the distinction which has been taken, is rather plausible than solid. The legislative regulations were not intended to alter or obliterate the principles of law by which the owner of a vessel was previously responsible for the conduct of the pilot; but to secure, in favor of every person (strangers as well as residents) trading to our port, a class of experienced, skilful and honest mariners, to navigate their vessels safe up the bay and river Delaware. The mere right of choice, indeed, is one, but not the only reason, why the law, in general, makes the master liable for the acts of his servant : and in many cases, where the responsibility is allowed to exist, the servant may not, in fact, be the choice of the master. For instance, if the master of a merchant vessel dies on the voyage, the mate becomes master; and the owner is liable for his acts, though the owner did not hire him, originally, nor expressly choose him to succeed the master. The reason is plain : he is in the actual service of the owner, placed there, as it were, by the act of God. And so, in the case under consideration, the pilot was in the actual service of the owner of the ship, though placed in that service by the provident act of the legislature. The general rule of law, then, entitles the plaintiff to recover; and we have heard of no authority, we can recollect none, that distinguishes the case of a pilot, from those numerous cases, on which the general rule is founded.(a)

As to the assessment of damages : it is a rational, and a legal principle, that the compensation should be equivalent to the injury. There may be some occasional departures from this principle; *but I think it will be found safest to adhere to it, in all cases proper for a legal indemnification, in the shape of damages.     [*208

SMITH, Justice.—I perfectly concur in the opinion expressed by the Chief Justice, upon the responsibility of the owner of a ship. But I confess, that I am not prepared to accede to his opinion, on the assessment of damages. I take this distinction. In a case of contract; or in a case of damage by gross negligence; the jury should always, I think, give a compensation to the full amount of the injury actually sustained. But if an injury is

---

(a) s. p. The Eliza v. The Decatur, 2 Whart. Dig. p. 685, § 524. A pilot, while he has charge of a vessel, is the agent of the owner, and although it is under the command of a pilot, who has the entire control and management of it, the owner is liable to the injured party, when, through the fault or negligence of any one on board, his vessel injures another vessel, by running foul of it. Yeates v. Brown, 8 Pick. 23. The rule was the same in England. Neptune The Second, 1 Dods. 467; Bowcher v. Noidstrom, 1 Taunt. 568. See also Fletcher v. Braddick, 5 Bos. & Pul. 182. But the liability of the master and owner, in such a case, was removed by Stat. 52 Geo. III., c. 39, § 30. Bennet v. Moita, 7 Taunt. 258; Ritchie v. Bowsfield, 7 Id. 309. If, in the case of a collision, the vessel in fault is under the command of a pilot, and the master is absent at the time, he is not responsible for the damage (Snell v. Rich, 1 Johns. 305), and it has been said that even if the master were present, he would not be liable in such a case. Yates v. Brown, ut supra. A captain of a sloop of war has been held not to be responsible for the damage done by a collision, when the accident happened during the watch of the lieutenant, since he acted independently of any authority from the captain. Nicholson v. Mouncey, 15 East 384; but see Bowcher v. Noidstrom, ut supra, and a case cited by LAWRENCE, J., 1 Taunt. 569.

done, in a way merely fortuitous and accidental, **I think, the jury have a legal and salutary discretion upon the subject.**

BRACKENRIDGE, Justice, concurred generally in the sentiments of the Chief Justice.

Verdict in favor of the plaintiff for $2500.(a)

---

(a) The account exhibited for the whole expense of raising and repairing the brig, amounted to 1310l. 8s. 9d.

